UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH A. SUERO,

    Plaintiff,

v.                                Case No: 2:12-cv-626-FtM-29DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #14), filed on February 11, 2014, recommending that the Decision of the Commissioner be affirmed. Plaintiff filed an Objection to the Report and Recommendation (Doc. #18) on March 7, 2014.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing

Crawford, 363 F.3d at 1158-59).  Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence.  Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)).  The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review.  Ingram v. Comm'r of SSA, 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

**II.**

**A. Step Two Determination of "Severe" Impairment**

Plaintiff asserts that the ALJ erred in failing to find his mental impairments to be "severe" at Step 2 of the sequential evaluation process.  Plaintiff argues, contrary to the finding in the Report and Recommendation (Doc. #14, p. 12), that sufficient evidence did not support the ALJ's finding that plaintiff's mental impairments were not severe.  The Court's analysis differs from that of the magistrate judge, but the result is the same.

Step Two is a threshold inquiry that "allows only claims based on the most trivial impairments to be rejected", McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986), and "acts as a filter" to weed out claims where there are no substantial impairments at all, Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). The Eleventh Circuit follows the "slight abnormality" test for determining whether an impairment is severe: "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Bridges v. Bowen, 815 F.2d 622, 625-626 (11th Cir. 1987)(quoting Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984)). To show a "severe" impairment, a claimant must show "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c); 416.920(c). Plaintiff's burden to show a severe impairment has been described as "mild". McDaniel, 800 F.2d at 1031.

If the ALJ concludes that none of the claimant's impairments are medically severe, the ALJ is to conclude that the claimant is not disabled; if the ALJ concludes that the claimant's impairments are medically severe, then the ALJ moves on to the third step. Phillips, 357 F.3d at 1237. Once a case advances beyond Step Two, the ALJ must consider all impairments, severe or not, at Step Three

in assessing the residual functional capacity (RFC). Bowen v. Heckler, 748 F.2d 629, 634-35 (11th Cir.1984); Phillips, 357 F.3d at 1238.

Thus, the issue before the Court is whether the evidence of record provides substantial support—more than a scintilla, less than a preponderance—for the ALJ's finding that plaintiff's mental condition is merely a slight abnormality with minimal effect on his general ability to work. Flynn v. Heckler, 768 F.2d 1273, 1274-75 (11th Cir. 1985). A court is required to ask whether a reasonable mind could review plaintiff's evidence and still conclude that that condition has only a minimal effect on his ability to perform the most general and rudimentary functions of a work activity as those functions are set out in the regulations. Id.

Here, the ALJ found severe impairments related to lumbar degenerative changes, and therefore continued the evaluation process past Step Two. The ALJ did not find that plaintiff's mental impairments were severe. (Tr. 47-50.) The Court finds that the ALJ's conclusion that plaintiff's mental impairment was not "severe" for Step Two purposes is not supported by substantial evidence. Four doctors found some level of mental impairment, and even crediting the ALJ's ultimate credibility determinations, the evidence satisfies the mild Step Two severity standard. While not

disabling, the mental impairment was "severe" and the ALJ's finding to the contrary is not supported by substantial evidence.

This does not end the matter, however, because the failure to include an impairment at Step Two can be harmless error. In assessing plaintiff's RFC, the ALJ found that plaintiff had severe impairments relating to lumbar degenerative changes, and that the Step Two test was satisfied as to that impairment. The ALJ therefore continued with the five-step sequential process, as was required. Jamison, 814 F.2d at 588. The ALJ specifically considered and discussed plaintiff's mental impairments in his continuation of the evaluation process. (Tr. 50-53.) The ALJ thus performed the analysis that would have been required had he determined a mental impairment was severe at Step Two. See id. Accordingly, even if the ALJ erred at Step Two, any error was harmless. See Gray v. Comm'r of Soc. Sec., ___ F. App'x ___, 2013 WL 6840288, *1 (11th Cir. Dec. 30, 2013); Packer v. Comm'r, Soc. Sec. Admin., 542 F. App'x 890, 892 (11th Cir. 2013). Therefore, the Court finds that the ALJ's error in failing to include mental impairment as a "severe" impairment at Step Two was harmless error.

**B. Opinion of Treating Physician and Psychiatrist**

Plaintiff also objects to the ALJ's reduced credibility determinations as to the opinions of Dr. Candelore and Dr. Hernandez, and his enhanced credibility determination as to the

opinion of Dr. Heffron. After review of the record, the Court concludes that substantial evidence supports the ALJ's credibility determinations. The Court accepts and adopts this portion of the Report and Recommendation.

**C. Vocational Expert at Step Four**

Plaintiff asserts that the ALJ was required to call a vocational expert. After review of the record, the Court agrees with the Report and Recommendation that the testimony of a vocational expert was not necessary. The Court accepts and adopts this portion of the Report and Recommendation.

**D. Medium RFC Finding**

Plaintiff asserts that the Appeals Council decision was not based on substantial evidence and it inadequately evaluated post-decision MRI evidence. After review of the record, the Court agrees with the Report and Recommendation, and therefore accepts and adopts this portion of the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #14) is **accepted and adopted in part** by the Court. The Court **rejects** the finding that the failure to find that plaintiff's mental impairment was not "severe" was supported by substantial evidence. The Court finds that the determination of the ALJ that plaintiff's mental impairment at Step Two of the evaluation process was not severe

was not supported by substantial, but that this error was harmless. The Court adopts the remaining portions of the Report and Recommendation.

    2.   Plaintiff's Objection to the Report and Recommendation (Doc. #18) is **sustained in part an overruled in part**.

    3.   The Decision of the Commissioner of Social Security is **reversed as to the Step Two finding that the mental impairment was not "severe" and is otherwise affirmed**.  The Step Two error was harmless beyond any doubt.

    4.   The Clerk of the Court shall enter judgment accordingly and close the file.

    **DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of March, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record